**MEDICAL SERVICES,
INC., Respondent,**

v.

**CITY OF SAVAGE, Appellant.**

**No. C5-91-2323.**

Court of Appeals of Minnesota.

July 21, 1992.

Sally A. Johnson, John P. Mandler, Faegre & Benson, Minneapolis, for respondent.

David G. Keller, Grannis, Grannis, Hauge, Eide, Anderson & Keller, Eagan, for appellant.

Considered and decided by HUSPENI, P.J., FORSBERG and PETERSON, JJ.

## OPINION

PETERSON, Judge.

Respondent Medical Services, Inc. applied to appellant City of Savage for a conditional use permit to construct an in-

fectious waste processing facility. The city council passed a resolution terminating Medical Services' application, and Medical Services began a declaratory judgment action seeking a declaration that the proposed use was a permitted use under the Savage zoning ordinance. The trial court concluded that the proposed facility was a permitted use under the Savage zoning ordinance and that Medical Services' application was unaffected by a moratorium on the issuance of building permits and granted summary judgment for Medical Services. We affirm.

## FACTS

Medical Services sought to construct an infectious waste processing facility in Savage. After being directed to do so by the city planner, Medical Services applied for a special use permit under the section of the zoning code governing hazardous waste. The city council considered the application on February 28, 1991 and requested a legal opinion on whether infectious waste fell within the zoning ordinance's definition of hazardous waste.

The city attorney issued an opinion that the proposed facility did not fall within that section or any other provision of the zoning ordinance. On March 14, 1991, the city council passed a resolution terminating Medical Services' application for a special use permit. The resolution refers to the city attorney's opinion that the proposed facility does not fit within any section of the zoning ordinance.

Medical Services argues that its proposed facility is a permitted use under the zoning ordinance in existence when Medical Services' permit application was submitted and considered. Permitted uses include:

All fabricating, manufacturing, production, processing and storage of materials, goods and products subject to the performance standards set forth in Section 9–14–2 of this Title and to all environmental standards established by the Minnesota Pollution Control Agency.

Savage zoning code § 9–5–11–B–1. The ordinance does not define "processing" or "materials."

The city learned of Medical Services' plans to construct an infectious waste processing facility in 1989. On June 13, 1991 the city council considered and rejected a proposed amendment to the zoning ordinance that would have made an infectious waste facility a conditional use. On June 24, 1991 Medical Services began the declaratory judgment action. On August 13, 1991, the city enacted a moratorium on the issuance of building and special use permits in industrial zones.

## ISSUES

1. Is the issue of whether an infectious waste processing facility is a permitted use under the Savage zoning ordinance properly before this court?

2. Did the trial court err by concluding that an infectious waste processing facility is a permitted use under the Savage zoning ordinance?

3. Did the trial court err by concluding that Medical Services' permit application is not affected by a moratorium the Savage city council passed on the issuance of building permits in industrial zones?

## ANALYSIS

Summary judgment is appropriate when "there is no genuine issue as to any material fact and * * * either party is entitled to judgment as a matter of law." Minn. R.Civ.P. 56.03

On appeal from a summary judgment it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

1. Because Medical Services applied for a conditional use permit only under the section of the zoning ordinance governing hazardous waste, the city argues that the city council has made no decision on whether the infectious waste processing facility is a permitted use under other sections of the zoning ordinance and, therefore, the issue is not properly before this court.

■ Generally, a party aggrieved by a decision of a municipality's governing body must exhaust all administrative remedies before seeking judicial review. Minn.Stat. § 462.361, subd. 2 (1990); *Chase v. City of Minneapolis*, 401 N.W.2d 408, 411 (Minn. App.1987). However, if it would be futile to do so, a party need not exhaust administrative remedies before bringing an action for judicial relief. Minn.Stat. § 462.361, subd. 2; *Amcon Corp. v. City of Eagan*, 348 N.W.2d 66, 71–2 (Minn.1984).

■ The resolution adopted by the city council refers to the city attorney's opinion that the infectious waste processing facility does not fit within any section of Savage's zoning ordinance and directs city staff to draft an amendment to provide for such facilities. The resolution demonstrates the city council believes infectious waste processing is not a permitted use. Therefore, it would be futile for Medical Services to raise the issue of whether its proposed facility is a permitted use before the city council and the issue is properly before this court.

■ 2. Interpretation of an existing zoning ordinance is a question of law. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn.1980). On appeal this court need not defer to the trial court's conclusion when reviewing questions of law. *Frost–Benco Electric Ass'n v. Minnesota Pub. Util. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ Three rules of construction guide this court's interpretation: 1) Ordinances' terms should be construed according to their plain and ordinary meanings; 2) Zoning ordinances should be construed strictly against the city and in favor of the property owner; and 3) Zoning ordinances must be considered in light of their underlying policy goals. *Frank's Nursery*, 295 N.W.2d at 608–9.

■ Medical Services applied for a permit to build an infectious waste processing facility. An infectious waste facility is a site where infectious waste is stored, decontaminated, or incinerated. Minn.Stat.

§ 116.76, subd. 8 (1990). Permitted uses under Savage's zoning ordinance include:

All fabricating, manufacturing, production, processing and storage of materials, goods and products subject to the performance standards set forth in Section 9–14–2 of this Title and to all environmental standards established by the Minnesota Pollution Control Agency.

Savage Zoning Ordinance § 9–5–11–B–1. Decontamination and incineration fall within the plain and ordinary meaning of processing, and there is nothing unique about infectious waste that would exclude it from the plain and ordinary meaning of materials.

■ The rule of strict construction also supports such an interpretation. To be effective, any restriction on land use must be clearly expressed. *Chanhassen Estates Residents Ass'n v. City of Chanhassen*, 342 N.W.2d 335, 340 (Minn.1984). Savage's zoning ordinance does not clearly express a restriction on the construction of infectious waste processing facilities. The city has been aware of Medical Services' plan to build an infectious waste processing facility since 1989. Had the city council intended to exclude infectious waste processing plants from the permitted uses in light industrial areas, it could have done so.

■ Although the record contains no statement of underlying policy goals of the Savage zoning ordinance, we note that interpreting the ordinance to allow an infectious waste facility as a permitted use is consistent with the state infectious waste control act. Minn.Stat. §§ 116.76 to 116.83 (1990). The infectious waste control act regulates the operation of infectious waste facilities through management plans submitted to the Pollution Control Agency for approval and oversight. Under the act, a municipality may not place management requirements on infectious waste facilities that are stricter than those contained in the act. Minn.Stat. § 116.82, subd. 1 (1990). We conclude that an infectious waste processing facility is a permitted use under the Savage zoning ordinance.

■ Because an infectious waste processing facility is a permitted use under the

ordinance, Medical Services is entitled to a building permit as of right upon compliance with specific requirements, regulations, and performance standards prescribed by the Savage zoning ordinance. *See Chanhassen Estates*, 342 N.W.2d at 340. The trial court's order and the accompanying memorandum indicate that the city must issue a building permit to Medical Services upon compliance with the Savage zoning code. The trial court record, however, does not clearly indicate whether Medical Services has already complied with applicable provisions of the zoning code other than the permitted use provision. We construe the trial court's order as requiring the city to issue a permit to Medical Services upon compliance with all applicable zoning code requirements and direct the city to proceed accordingly on remand.

3. Minn.Stat. § 462.355, subd. 4 (1990) provides:

> If a municipality is conducting studies or has authorized a study to be conducted or has held or has scheduled a hearing for the purpose of considering adoption or amendment of a comprehensive plan or official controls as defined in section 462.352, subdivision 15, or if new territory for which plans or controls have not been adopted is annexed to a municipality, *the governing body of the municipality may adopt an interim ordinance* applicable to all or part of its jurisdiction *for the purpose of protecting the planning process* and the health, safety and welfare of its citizens. The interim ordinance may regulate, restrict or prohibit any use, development, or subdivision within the jurisdiction or a portion thereof for a period not to exceed one year from the date it is effective, and may be extended for such additional periods as the municipality may deem appropriate, not exceeding a total additional period of 18 months. No interim ordinance may halt, delay, or impede a subdivision which has been given preliminary approval prior to the effective date of the interim ordinance.

(emphasis added).

■ Although this statute grants municipalities broad authority to enact a moratorium, the authority is not unlimited. A municipality must exercise the authority for the purpose of protecting the planning process. A municipality may not arbitrarily enact an interim moratorium ordinance to delay or prevent a single project. *See Almquist v. Town of Marshan*, 245 N.W.2d 819, 825 (Minn.1976) (municipalities may exercise police power to adopt moratorium ordinances provided ordinances are enacted in good faith and without discrimination).

When the Savage city council enacted the moratorium ordinance, it had been aware of Medical Services' general plans to construct an infectious waste facility since at least 1989. The city became aware of Medical Services' specific plans to build a facility during February 1991 when Medical Services applied for a special use permit. On March 14, 1991, the city council adopted a resolution indicating that the existing Savage zoning ordinance might not cover infectious waste facilities. However, the city did nothing to address this problem with its zoning ordinance.

On June 13, 1991 the city council considered and rejected a proposed amendment to the zoning ordinance that would have made an infectious waste facility a conditional use, but the council did not direct city staff to conduct further study concerning the treatment and disposal of infectious waste in industrial districts until it enacted the moratorium on August 13, 1991. In the meantime, Medical Services commenced this declaratory judgment action on June 24, 1991.

■ The city enacted the moratorium only after Medical Services commenced legal action. The moratorium was enacted after a closed executive session meeting of the council called to discuss the law suit. Medical Services' proposed facility was the only pending project affected by the moratorium.

We conclude the city acted arbitrarily in adopting the moratorium. Therefore, the moratorium is invalid and does not affect Medical Services' building permit application.

## DECISION

The issue of whether an infectious waste processing facility is a permitted use under the Savage zoning ordinance is properly before this court. The trial court properly concluded that an infectious waste processing facility is a permitted use under the Savage zoning ordinance and that Medical Services' application was not affected by the August 13, 1991 moratorium.

Affirmed.